**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARGENTUM MEDICAL LLC, ) | |
| GREGG SILVER and THOMAS MILLER ) | |
| ) | |
| Plaintiffs, ) | Case No. |
| ) | |
| Vs. ) | Jury Trial Demanded |
| ) | |
| ) | |
| ROCKEY, DEPKE & LYONS, LLC ) | |
| an Illinois Limited Liability Company and ) | |
| JOSEPH FUCHS, an individual ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PROFESSIONAL NEGLIGENCE

Plaintiffs, ARGENTUM MEDICAL LLC, THOMAS MILLER and GREGG SILVER, (collectively, "Plaintiffs") by and through their attorneys, for their Complaint against Defendants, ROCKEY, DEPKE & LYONS, LLC, (hereinafter "Rockey") and JOSEPH FUCHS (hereinafter "Fuchs") (collectively the "Defendants") state as follows:

## NATURE OF THIS ACTION

1. Plaintiffs' former lawyers, Joseph Fuchs and his law firm, Rockey Depke & Lyons, committed professional negligence in connection with a matter Defendants litigated on behalf of Argentum Medical (hereinafter "Argentum") in the United States District Court for the Northern District of Illinois and the continuation of that case in the Middle District of Pennsylvania.

2. Plaintiffs assert that Defendants negligently advised them about their rights as the exclusive licensees of United States Letters Patent No. 7,230,153 (hereinafter the "153 patent") and negligently counseled them that, by reason of a *nunc pro tunc* assignment between

1

Argentum Research (hereinafter "Research") and Argentum International (hereinafter "International") dated February 15, 2005 (the "Assignment") Argentum had sufficient rights and standing to enforce the '153 patent as "patentee" within the meaning of 35 U.S.C., § 281. Based upon Defendants' negligent legal counsel, Plaintiffs believed Argentum to be the proper party to bring a patent infringement action against Noble Biomaterials (hereinafter "Noble") and Derma Sciences (hereinafter "Derma") for their alleged infringement of the '153 patent.

3.      Plaintiffs further assert that Defendants were professionally negligent in that they failed to assert affirmative defenses in filing answers on behalf of each Plaintiff to the counterclaim filed by Noble against them.   As a direct result, Defendants, *inter alia*, waived a statute of limitations defense under Fed.R.Civ.P. 8(c) that would have limited Plaintiffs' liability. Ultimately, Plaintiffs were exposed to liability that they would not have faced had the limitations defense properly been asserted by Defendants.

4.      Finally, Plaintiffs assert that Defendants were professionally negligent in that they failed to assert an advice of counsel defense in response to Noble's claim of malicious prosecution. Defendants' failure to assert the advice of counsel defense precluded the jury from considering this defense as a factor in determining whether the initial lawsuit filed by Argentum in the Northern District of Illinois and the continuation of it in the Middle District of Pennsylvania constituted malicious prosecution.

## **PARTIES**

5.      Defendant Rockey, Depke & Lyons, LLC is an Illinois Limited Liability Company doing business in Cook County, Illinois. Rockey's principal place of business is 233 South Wacker Drive, Suite 5450, Chicago, Illinois 60606.

6.      Defendant Joseph Fuchs is a resident of the State of Illinois and was, at all times material to this Complaint, an attorney employed by Defendant Rockey in its Chicago office.

7.      Plaintiff Argentum Medical, LLC ("Argentum") is a limited liability company organized and existing under the laws of the State of Delaware and has a principal place of business at 2571 Kaneville Court, Geneva, Illinois 60134.  Argentum is a national leader in providing antimicrobial bandages for wound and burn care and other surgical products for the medical industry.

8.      Plaintiff Gregg Silver ("Silver") is a resident of the State of Illinois and presently resides at 3700 N. Lakeshore Dr., Chicago, Illinois 60613.

9.      Plaintiff Thomas Miller is a resident of the State of Illinois and presently resides at 240 81st Street, Willowbrook, Illinois 60527.

## JURISDICTION AND VENUE

10.      This is an action for legal malpractice, *inter alia*, wherein Plaintiff's right to relief necessarily depends on the resolution of a substantial question arising under the patent laws[1] of the United States of America, Title 35, United States Code, and in particular, 35 U.S.C. § 271, etseq.  Jurisdiction is based on 28 U.S.C. § 1338(a).  The malpractice occurred within the State of Illinois.

11.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(1) because Defendants reside and do business in this district.

---

[1] Jurisdiction is proper in the Northern District of Illinois in this legal malpractice claim. *See Premier Networks, Inc. v. Stadheim & Grear, Ltd*, 395 Ill. App. 3d 629, 637 (1st Dist. 2009) (when the issues of legal malpractices are necessarily inextricably bound to determinations of substantive legal issues of patent law, jurisdiction rests exclusively with the Federal Court.)  *See also Immunocept, LLC v. Fulbright & Jaworski*, 504 F.3d 1281, 1285 (Fed. Cir. 2007) and *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1269 (Fed. Cir. 2007).

## FACTUAL BACKGROUND

**A.      *Rockey's Negligent Pre-filing Advice.***

12.      Beginning in or around November 2007, Defendants were retained by Argentum as Argentum's patent litigation attorneys.  In particular, Defendants were retained to pursue a patent infringement action on behalf of Argentum against Noble Biomaterials and Derma Sciences arising out of their alleged infringement of Plaintiffs' 153 patent.

13.      During the period from November to December 2007, Plaintiffs worked closely with Defendants as they completed the pre-filing due diligence.  Plaintiffs consulted Defendants as to the technical aspects of the products that were infringing upon the '153 patent and relied solely on Defendants for their legal expertise in analyzing Argentum's standing to bring this action as the exclusive licensee of the '153 patent.

14.      In particular, the Plaintiffs relied upon Defendants' analysis of their patent portfolio and their determination that the Assignment between Research and International was an effective means of transferring sufficient rights in United States Patent No. 6,087,549 (the "'549 patent") and any continuations or continuations-in-part thereof, including the '153 patent, from Research back to International to grant Argentum standing as "patentee" within the meaning of 35 U.S.C., § 281 to enforce the '153 patent under the exclusive license granted by International to Argentum on March 28, 2001 (the "License").  The License was recorded on December 14, 2006 with the United States Patent and Trademark Office.

15.      Prior to filing Argentum's infringement action against Noble and Derma, Defendants counseled Plaintiffs that *nunc pro tunc* assignment was an effective means of transferring sufficient rights to the '153 patent  from Research back to International to enable Argentum to enforce the '153 patent under the License; that Argentum was a statutory patentee

by reason of the License at the time of filing; and that Noble's SILVERSEAL® line of products manufactured by Noble and sold by Derma infringed the 153 patent.

**B.      *Argentum Believes itself to be Exclusive Licensee of the '153 Patent.***

16.      Based exclusively upon Defendants' negligent legal advice that Argentum was the exclusive licensee under the '153 patent, Plaintiff authorized Defendants – on December 3, 2007 – to file a lawsuit against Noble and Derma in the United States District Court for the Northern District of Illinois, Case No. 07-cv-06769, arising out their alleged infringement of the '153 patent[2].

17.      The seven page Complaint filed by Defendants, on behalf of Argentum, included a prayer for relief and requested the Court enter a judgment in favor of Argentum against Noble and Derma and award Argentum the following relief: (a) ordering, adjudging and decreeing that Noble and Derma have directly infringed the '153 patent in violation of 35 U.S.C. § 271 (a); (b) ordering, adjudging and decreeing that Noble and Derma have induced the infringement of the '153 patent in violation of 35 U.S.C. § 271 (a); (c) ordering, adjudging and decreeing that Noble and Derma have engaged in acts amounting to contributory infringement of the '153 patent in violation of 35 U.S.C. § 271 (c); (d) ordering, adjudging and decreeing that Noble's and Derma's acts of infringement, inducing infringement and contributory infringement of the '153 patent were committed willfully and knowingly; (e) enjoining, both preliminarily and permanently, Noble and Derma and each of its parents, principals, officers, directors, agents, affiliates, servants, attorneys, employees and all others in privity with them from infringing the '153 patent; (f) awarding to Argentum damages for infringement of the '153 patent together with

---

[2] Argentum purchased legal title to the '549 and '153 patents on October 19, 2009. A Bill of Sale was recorded with the United States Patent and Trademark Office, indicating International sold the '549 patent and the '153 to Argentum on October 19, 2009.

prejudgment interest on the amount awarded; (g) awarding to Argentum three times its damages to compensate Argentum under 35 U.S.C.§ 284; (h) ordering, adjudging and decreeing that acts of infringement of Noble and Derma as herein alleged warrant a finding that this is an exceptional case and awarding to AM its reasonable attorneys' fees under 35 U.S.C. § 285; (i) awarding to Argentum its costs incurred in the prosecution of this action; and (j) awarding to Argentum such other and further relief as the Court may deem just and proper.

**C.**      ***Underlying Noble Litigation – Procedural History.***

18.      On April 18, 2008, Rockey sought leave to amend Argentum's Complaint against Noble and Derma.  As grounds for the motion, Rockey noted that "recent events have come to light that Argentum believes support additional counts relating to violations of Section 43 (a) of the Lanham Act (Title 15, United States Code, §1125 (a)), violations of the Illinois Deceptive Trade Practices Act (815 ILCS 510/2 (2008)), and tortious interference with prospective economic advantage against defendant Derma Sciences, Inc. ("Derma")." *See Argentum Medical, LLC v. Noble Biomaterials and Derma Sciences, Inc.*, Case No. 07-cv-06769 (Docket Entry #41).

19.      On April 21, 2008, the Court granted Argentum's motion for leave to amend and Rockey filed Argentum's First Amended Complaint and asserted four counts: (I) patent infringement against Noble and Derma; (II) false designation of origin under the Lanham Act against Derma; (III) breach of the Illinois deceptive trade practices act against Derma; (IV) breach of Illinois common law for Derma's interference with Argentum's expectation of a business relationship.

20.      On June 23, 2008, the Hon. George W. Lindberg found that Argentum had "failed to establish a prima facie case of personal jurisdiction" over Noble.  Judge Lindberg, accordingly

6

dismissed Count I as to Noble for lack of personal jurisdiction. Judge Lindberg also found that "the factors argued by the parties establish that party and witness convenience would be better served . . ." and that "the interest of justice [would be] served by transferring this case to the Middle District of Pennsylvania." The case was, accordingly, transferred to the Middle District of Pennsylvania on July 8, 2008 and assigned the Case No: 08-cv-01305.

21. After obtaining the Court's leave to amend and add a party, Argentum filed its Second Amended Complaint on September 4, 2008, re-adding Noble to the case, and re-asserting the same causes of action alleged in the First Amended Complaint.

**D.** *Noble's Counterclaim – Rockey's Answer to Noble Counterclaims.*

22. On November 12, 2008, Noble filed a six-count Counterclaim against Argentum and named Miller and Silver, as individuals, as counterclaim Defendants. Noble's Counterclaim sought: (I) a declaratory judgment of invalidity of the '153 patent; (II) declaratory judgment of fraud on the patent office; (III) patent misuse; (IV) unfair competition; (V) for violations of the Lanham Act; (VI) product disparagement.

23. On December 4, 2008, Rockey filed Argentum's Answer to Noble's Counterclaim. Rockey failed to assert any affirmative defenses on behalf of Argentum in its December 4, 2008 answer.

24. On June 18, 2009, Rockey filed Silver and Miller's Answers to Noble's Counterclaim. Once more, Rockey failed to assert any affirmative defenses on behalf of Miller or Silver in their June 18, 2009 answers.

**E.** *Noble and Derma move for Summary Judgment.*

25. On October 27, 2009, Derma and Noble filed jointly a Motion for Summary Judgment on all claims asserted against them in the Second Amended Complaint, and on Count I

of the Counterclaim filed by Noble. See Argentum Medical, LLC v. Noble Biomaterials and Derma Sciences, Inc., Case No. 08-cv-01305 (Docket Entry #153). Noble and Derma sought a Declaratory Judgment as to the invalidity of the '153 patent.

26. Concurrently, Derma also filed a separate Motion for Summary Judgment on Counts II, III, and IV of Argentum's Second Amended Complaint.

27. On July 1, 2010, the Hon. Richard A. Caputo granted Derma's Motion for Summary Judgment on Counts II, III, IV of Argentum's Second Amended Complaint and dismissed Count I of Argentum's Second Amended Complaint for lack of justiciability.

28. Every single Count brought by Rockey on behalf of Argentum in its Second Amended Complaint was dismissed. Accordingly, Argentum went from Plaintiffs in a patent infringement action to exclusively counter-claim Defendants in a patent/tort action.

29. Count I of Noble's Counterclaim (Invalidity of the '153 patent) was dismissed by the District Court on July 1, 2010, the Court having determined that Noble's cause of action for declaratory judgment was not ripe for adjudication as Argentum was not a patentee of the '153 patent.

30. In dismissing all Counts of Argentum's Second Amended Complaint, Judge Caputo determined that Argentum then lacked standing to enforce the '153 patent as patentee and further, determined that Argentum never had such standing. Moreover, the Court determined that the inventor of the '549 patent and the '153 patent (Dr. A. Bart Flick) assigned his rights to both patents to Argentum International. Argentum International then turned around, on February 25, 2001, and assigned its rights under the '549 patent and any continuations in-part, including the '153 patent, to Argentum Research. Just over a month later, on March 28, 2001,

International purportedly licensed its rights in the '549 patent and any continuations in-part, including the '153 patent.

31.     Judge Caputo determined, however, that because Argentum International had already relinquished its rights in the '549 and '153 patents to Argentum Research at the time International purportedly executed its licensing agreement with Argentum, Argentum International had no rights to validly convey to Argentum by way of license.  In reaching its determination, the Court held invalid and unenforceable the 2005 Assignment from Research to International because of the Assignment's *nunc pro tunc* provision.

**F.     *The Aftermath.***

32.     On July 13, 2010, Fuchs and Rockey were replaced as litigation counsel for Argentum, Miller and Silver.  In sum, Argentum paid Rockey approximately $675,000 in attorneys' fees between December 3, 2007 and July 2010.

33.     The Chicago law firm of Freeborn & Peters was retained by Argentum, Miller and Silver as substitute counsel for Fuchs and Rockey.  Between July 2010 and February 2011, Argentum incurred an additional $900,000 in attorneys' fees in defending Noble's counterclaims.

34.     Counts II through VI of the Counterclaim filed by Noble proceeded to a jury trial before Judge Caputo in February 2011.   A jury verdict was returned on February 10, 2011 and awarded Noble: (1) compensatory damages in the amount of $1,000,000 dollars; (2) punitive damages against Miller in the amount of $1,000,000 dollars; (3) punitive damages against Silver in the amount of $1,250,000 dollars.

**G.** **Rockey's Failure to Assert Affirmative Defenses.**

35.    The state of Pennsylvania has a one (1) year statute of limitations for defamation and libel.  *See* 42 Pa. Cons. Stat. § 5523(1).

36.    Noble's Counterclaim, asserting a defamation/libel cause of action, was filed on November 2, 2008.   However, the evidence produced by Noble during the discovery phase of the underlying litigation – namely a declaration of its in-house counsel  supporting its libel and intentional tort counterclaims against Argentum is all based on events allegedly occurring on or before April 2007.   Based upon the one year statute of limitations in Pennsylvania for such claims, the statute of limitations expired in April of 2008 for Noble's counterclaims.

37.    Fed.R.Civ.P. 8 (c) requires a statute of limitations defense be pleaded as an affirmative defense within an Answer or it is waived.

38.    Defendants Fuch and Rockey answered Noble's Counterclaim without asserting the one year statute of limitations period under 42 Pa. Cons. Stat. § 5523(1) as an affirmative defense.  Accordingly, Defendants Fuchs and Rockey expressly waived Argentum, Miller and Silver's right to assert statute of limitations as an affirmative defense and caused Argentum, Miller and Silver to be exposed to additional liability that they otherwise would have been able to avoid.

39.    Moreover, Fuchs and Rockey filed no dispositive motions to resolve Noble's counterclaims on limitations grounds between the filing of the counterclaim on November 2, 2008 and July 13, 2010 when Freeborn Peters replaced Rockey as counsel for Argentum, Miller and Silver.

**H.**    *Rockey's Failure to Assert Advice of Counsel as Affirmative Defense.*

40.    As part of Argentum's pre-filing due diligence, Argentum engaged the Tampa, Florida law firm of Carlton Fields to also complete an analysis of Argentum's patent portfolio. On November 26, 2007 Carlton Fields completed a memorandum of law entitled "Argentum: Ownership of Patents and Patent Applications." Prior to the filing of its lawsuit against Noble on December 7, 2007, Argentum was advised by counsel that: *"an exclusive license agreement from Argentum International, LLC to Argentum Medical, LLC was executed on March 28, 2001 and recorded on December 14, 2006."*

41.    Based upon the analysis performed by Carlton Fields and their own analysis in November 2007, Rockey could and should have asserted an advice of counsel affirmative defense on behalf of Argentum, Miller and Silver in answering Noble's Counterclaim.

42.    Once more, Fed.R.Civ.P 8(c) requires that an advice of counsel defense be expressly plead as an affirmative defense or it is waived. Fuchs and Rockey failed to assert advice of counsel as an affirmative defense in Answering Noble's Counterclaim.

43.    At no time did the Rockey Defendants file an advice of counsel defense between November 12, 2008 and July 13, 2010 when Freeborn Peters replaced Rockey as counsel for Argentum, Miller and Silver.

## COUNT I
## PROFESSIONAL NEGLIGENCE
### (Against all Defendants)

44.    Plaintiffs re-allege and adopt by reference the allegations contained in the foregoing paragraphs 1 through 43.

45.    Plaintiffs retained and reasonably relied upon Defendants in regard to the preparation, filing and prosecution of the Plaintiffs' patent infringement action against Noble and

Derma and the preparation, filing and prosecution of that case fell within the scope of Defendants' employment.

46. Defendants as Plaintiffs' attorneys owed professional duties to Plaintiffs to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified attorneys under the same or similar circumstances.

47. Defendants failed to exercise reasonable care and skill in representing Plaintiffs and in analyzing Plaintiffs' patent portfolio and/or prosecuting Plaintiffs' patent infringement action. Plaintiffs are informed and believe that they would have never filed and thus never incurred substantial legal fees or exposure to Noble's counterclaim if they received sound legal advice that they were not the exclusive licensee of the '153 patent and thus, lacked standing to bring a patent enforcement cause of action.

48. Defendants neglected or breached the professional duties of due care owed to Plaintiffs and failed to exercise a reasonable degree of care, skill and diligence in rendering the services for which they were employed by Plaintiffs.

49. Defendants were guilty of the following negligent acts and/or omissions in their representation of Plaintiffs in violation of, *inter alia*, Illinois Rules of Professional Conduct 1.1, 1.3 and 1.4:

    a. Carelessly and negligently determined (pre-filing) that Plaintiffs were the exclusive licensee of the '153 patent and had standing to pursue an infringement cause of action against Noble and Derma.

    b. Failed to assert an available and likely dispositive statute of limitations defense as an affirmative defense in Answering Noble's counterclaim.

    c. Failed to assert an available and likely dispositive advice of counsel defense as an affirmative defense in Answering Noble's counterclaim.

    d. Prejudiced and damaged Plaintiffs during the course of their professional relationship by subjecting Plaintiffs to liability from Noble's

counterclaim that, but for Defendants' breaches, Plaintiffs would never have been forced to shoulder;

e. Otherwise carelessly and negligently failed to act in the best interests of Plaintiffs.

50. But for the various acts and omissions committed by Defendants, the Plaintiffs would have never commenced and pursued the patent infringement case against Noble and Derma; Plaintiffs would not have been forced to expend valuable resources, attorneys fees and costs to attempt to enforce a patent it had no ownership of or licensing to; the dispositive affirmative defenses to Noble's counterclaim would have limited Plaintiffs' exposure to liability; and the enterprise value of the Plaintiffs' business would not have been diminished.

51. As a direct and proximate result of Defendants' neglect or breach of duty to provide competent professional legal services to Plaintiffs, Plaintiffs have suffered extensive damages.

52. As a direct and proximate result of the negligence of Defendants, Plaintiffs were required to and did expend valuable resources including attorney's fees and costs in order to attempt to enforce a patent they were not the exclusive licensee of; and sustained significant damages in the form of counterclaim liability, lost value to Plaintiffs' patent portfolio, lost opportunities, injury to capital and goodwill, and other damages as a result of Defendants' aforesaid negligence.

53. Wherefore, Plaintiffs respectfully request judgment in their favor and against all Defendants and for the recovery of the following damages:

(1) For judgment against Fuchs and Rockey, jointly and severally in an amount in excess of five million dollars as compensatory damages in an amount to be determined at trial;

(2) For plaintiffs' costs of suit;

(3)    Pre- and post-judgment interest as provided by the law; and

(4)    For such other and further relief as the Court deems just.

**PLAINTIFFS DEMAND TRIAL BY JURY**

54.    Plaintiffs request a trial by jury on all claims that may so be tried.

Dated:  December 2, 2011                          Respectfully submitted,


                                                  **ARGENTUM MEDICAL, LLC**
                                                  *et al.*


                                                  By: /s/ Thomas C. Cronin_____
                                                            One of their Attorneys

Thomas C. Cronin
Aaron L. Davis
CRONIN & CO., Ltd.
233 South Wacker Dr., Ste 2100
Chicago, Illinois 60606
T: 312.201.7100
F: 312.201.7101