110575.45

# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARGENTUM MEDICAL, LLC, GREGG SILVER and THOMAS MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKEY, DEPKE & LYONS, LLC, an Illinois Limited Liability Company and JOSEPH FUCHS, an individual,<br><br>Defendants. | No.  11-cv-8594<br>Honorable Sharon Johnson Coleman |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

NOW COME defendants, ROCKEY, DEPKE & LYONS, LLC and JOSEPH FUCHS (collectively referred to as "defendant attorneys"), by and through their attorneys, Donald J. Brown, Jr., Michael J. Borree, Emily L. Hussey and DONOHUE BROWN MATHEWSON & SMYTH LLC, and for their memorandum of law in support of their motion to dismiss the complaint of ARGENTUM MEDICAL, LLC, GREGG SILVER, and THOMAS MILLER (collectively referred to as "plaintiffs"), pursuant to Fed. R. of Civ. P 12(b)(7) and 12(b)(6), state as follows:

## BRIEF INTRODUCTION

Argentum Medical, LLC ("Argentum Medical") filed a Second Amended Complaint in the Middle District of Pennsylvania under Case No. 08-CV-01305 for patent infringement against Noble Biomaterials ("Noble") and Derma Sciences, Inc. ("Derma") on September 4, 2008 (hereinafter referred to as "the underlying litigation".)  (Doc. #1 at ¶ 19-21.)  At the time that the underlying litigation was commenced and up until July 2010, defendant attorneys represented plaintiffs.

Noble filed a six-count counterclaim against Argentum Medical, Thomas Miller ("Miller") and Gregg Silver ("Silver") on November 12, 2008 in the underlying litigation. (Doc. #1 at ¶ 22; see also Noble's Answer and Counterclaim, Filed in the Middle District of Pennsylvania, Case No. 08-CV-01305, attached hereto as <u>Exhibit A</u>.) On October 29, 2009, Noble and Derma filed a motion for summary judgment on all claims asserted against them in Argentum Medical's complaint. (Doc #1 at ¶ 25.) On July 1, 2010, the Hon. Richard A. Caputo dismissed Argentum Medical's patent infringement claim against Noble, finding that Argentum Medical lacked standing to sue on the `153 patent at issue in the underlying litigation (the "subject patent".) (Doc #1 at ¶ 28; see also Hon. Caputo's July 1, 2010 Memorandum Opinion, attached hereto as <u>Exhibit B</u>.) The case continued for the purpose of litigating Noble's counterclaim. (Doc #1 at ¶ 32-34.) On July 13, 2010, the defendant attorneys were replaced as litigation counsel for plaintiffs by the law firm of Freeborn & Peters, LLP ("Freeborn & Peters".) (Doc #1 at ¶ 32-33.) On February 10, 2011, a jury verdict was entered against Argentum Medical, Miller and Silver on several counts of Noble's counterclaim. (Doc #1 at ¶ 34.)

On December 2, 2011, plaintiffs filed this lawsuit against the defendant attorneys. (Doc #1 at ¶ 1.) Plaintiffs specifically allege the defendant attorneys negligently advised them about their rights as the exclusive licensees of the patent at issue in the underlying litigation, failed to assert statute of limitations defenses to Noble's counterclaim, and failed to assert an advice of counsel defense in response to Noble's claim of malicious prosecution. (Doc #1 at ¶ 2-4.)

The defendant attorneys are entitled to a dismissal of plaintiffs' complaint pursuant to Fed. R. of Civ. P. 12(b)(7) and 12(b)(6). Plaintiffs' complaint must be dismissed pursuant to Rule 12(b)(7), as plaintiffs failed to join indispensable parties. Certain allegations in plaintiffs' complaint

must also be dismissed and stricken pursuant to Rule 12(b)(6) given plaintiffs' failure to state a claim upon which relief can be granted.

## BACKGROUND

I. **Events Preceding Underlying Litigation**

Before defendant attorneys filed the underlying litigation, two other law firms, Freeborn & Peters and Carlton Fields, provided advice to plaintiffs regarding their intellectual property rights. As explained below, the current allegations of negligent advice regarding intellectual property rights held by Argentum Medical actually had their genesis years before the underlying lawsuit's filing.

    A. **Argentum Medical and Its Counsel Freeborn & Peters Fraudulently Transfer Assets During Another Litigation Pending in Georgia.**

In June 2000, investors in another Argentum entity, Argentum International, LLC ("International") filed a lawsuit against International, Argentum Research, Inc. ("Argentum Research"), International's founder, Bart Flick ("Flick"), and Miller, alleging fraud, conspiracy and conversion. (hereinafter "the Georgia lawsuit") (See the Court of Appeals of Georgia's opinion in *Argentum International, LLC v. Woods*, 634 S.E.2d 195, 199 (Ga. Ct. App. 2006), attached hereto as Exhibit C.) During the Georgia lawsuit, and on February 25, 2001, International transferred to Research "the entire right title and interest in and to the ['549 patent][1], and in and to all inventions and improvements disclosed and described in [the '549 patent], and to any reissue and other applications therefore." (See Exh. B, at 3.) International and plaintiff Argentum Medical entered into a license agreement, with an effective date of March 28, 2001, granting Argentum Medical "exclusive rights in the '549 patent applications and all continuations, continuations-in-part, and divisionals filed on that application." (Ex. B at 2.) However, as of March 28, 2001, and according to

---

[1] The '153 patent at issue in the underlying litigation was a continuation-in-part of patent '549. (See Ex. B, at 2.)

Judge Caputo's July 1, 2010 opinion, International had already relinquished its rights in the intellectual property to Research and, therefore, had nothing to validly convey to Argentum Medical. (Ex. B, at 8 – 9.) In an attempt to remedy this situation, on February 15, 2005, Research and International entered into a *nunc pro tunc* assignment that would back date to February 25, 2001, and transfer the '549 patent from Research back to International. (Ex. B, at 3.)

In addition to his role with International, Bart Flick was also a managing member of Argentum Medical for a period of time up until 2006. (See a copy of a Court order entered in a companion case filed in the Georgia litigation on October 23, 2008 attached hereto as Exhibit D.) During the Georgia litigation, the Superior Court of Rabun County determined in a written opinion and order that Flick, along with his attorneys at the time, David Thatcher and John Stiefel (of Freeborn Peters) "were perpetrating a fraud" with respect to the agreements that eventually became the subject of Judge Caputo's July 1, 2010 decision:

> These documents referenced above show prima facie evidence of furtherance of fraudulent activity in planning and executing back-dated documents, created for the purpose of concealing asset transfers as well as concealing the fact that the transfers were done after the judgment debtors had been sued. There is evidence that Defendant Argentum Medical and the representative counsel were perpetrating a fraud.

Flick's testimony in the underlying litigation was cited by Judge Caputo on this exact issue – "the license agreement was backdated 'as a mechanism to hide assets from the Plaintiffs' in a case against International." (See Exh. B, at 3.)

**B.     The Law Firm of Carlton Fields Gives Advice to Argentum Medical On Its Intellectual Property Rights Before The Underlying Litigation is Filed.**

As alleged in plaintiff's complaint, the law firm of Carlton Fields was engaged by Argentum Medical to complete an analysis of Argentum Medical's patent portfolio (approximately ten months before the underlying lawsuit was filed in the district court in Pennsylvania). (Doc. #1 at ¶ 40.) On November 26, 2007, Carlton Fields completed a memorandum of law, entitled "Argentum: Ownership of Patents and Patent Applications." (Doc #1 at ¶ 40.) Further, on December 7, 2007, Carlton Fields advised Argentum Medical that "an exclusive license agreement from Argentum International, LLC to Argentum Medical, LLC was executed on March 28, 2001 and recorded on December 14, 2006." (Doc #1 at ¶ 40.)

## II. Noble's Claims Against Argentum Medical, Miller and Silver In Underlying Litigation.

On November 12, 2008, Noble filed a six-count counterclaim against Argentum Medical, Miller and Silver, seeking a declaratory judgment of invalidity of the subject patent, a declaratory judgment of fraud on the patent office, and alleging patent misuse and tort claims of unfair competition, violations of Section 43(a) of the Lanham Act, and product disparagement. (Doc. #1 at ¶ 22; Ex. A.) Noble's claim of unfair competition alleged that Argentum Medical, Miller and Silver acted in bad faith by: 1) deliberately causing the application for the subject patent to be prosecuted without adequate bases; 2) informing Noble's distributors that Noble's products infringed on the subject patent without adequate bases; and, 3) pursuing the underlying litigation without good cause for the purpose of coercing Noble to withdraw its products from the market in order to eliminate competition, inducing Noble to sell fibers only to Argentum Medical, and/or forcing distributors to cease purchasing Noble's products and purchase only Argentum Medical's products. (Ex. A at ¶ 100-04.) Noble's claim for violations of the Lanham Act alleged that Argentum Medical, Miller, and Silver, made certain statements regarding Noble's products infringing on the subject patent at

issue, and that these statements were false and misleading. (Ex. A at ¶ 105-08.) Finally, Noble's claim for product disparagement alleged that statements made by Argentum Medical, Miller and Silver, that Noble infringed on Argentum Medical's patent, were false and disparaged Noble's products. (Ex. A at ¶ 110.)

On February 10, 2011, a jury verdict was entered in Noble's favor and against Argentum Medical, Miller and Silver on the counterclaim. (Doc #1 at ¶ 34; see also Judgment in a Civil Case, Case No. 08-CV-1305, attached hereto as Exhibit E.) The defendant attorneys did not represent plaintiffs at trial on Noble's counterclaim; rather, Freeborn & Peters represented plaintiffs at time of trial in the underlying litigation. (See Special Admission of Freeborn & Peters attorney Leland Hutchinson attached as Exhibit F.)

**III.    Argentum Medical's Current Bankruptcy.**

Argentum Medical is currently pursuing a plan of reorganization with the United States Bankruptcy Court, Northern District of Illinois, pursuant to Chapter 11 of the Bankruptcy Code. As part of the bankruptcy proceedings, Argentum Medical has filed a series of schedules, disclosing the total amount and nature of Argentum Medical's assets and liabilities. Argentum Medical lists as personal property assets potential legal malpractice claims against the law firms of Freeborn & Peters, Chicago, Illinois ("Freeborn & Peters") and Carlton Fields, Tampa, Florida ("Carlton Fields"). (See Schedule B-Personal Property-Amended, attached hereto as Exhibit G.)

**ARGUMENT**

**I.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN INDISPENSABLE PARTIES.**

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a complaint for failure to join a party under Federal Rule of Civil Procedure 19.  Fed. R. Civ. P. 12.  When a Rule 12(b)(7) motion is filed, the court will conduct a two-step assessment.  First, the court will apply the standards of Rule 19(a) to determine whether joinder is essential.  *Thomas v. U.S.*, 189 F.3d 662, 667 (7th Cir. 1999).  Rule 19(a) provides in part that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a).

Once the court determines that joinder is essential, the court looks to the factors delineated in Rule 19(b) to determine whether dismissal is appropriate.  *Boulevard Bank Nat. Ass'n v. Philips Medical Systems Intern. B.V.*, 15 F.3d 1419, 1422 (7th Cir. 1994).  Under Rule 19(b), the factors the court must consider in determining whether an action should be dismissed include: 1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; 2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.  Fed. R. Civ. P. 19(b).

For a Rule 12(b)(7) motion, the court must "accept the allegations in the complaint as true." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001). When ruling on a Rule 12(b)(7) motion to dismiss, "a court may go outside the pleadings and look to extrinsic evidence." *Id*. at 480 n.4; *English v. Cowell,* 10 F.3d 434, 437 (7th Cir. 1993); *Capitol Leasing Co. v. Fed. Dep. Ins. Corp.,* 999 F.2d 188, 191 (7th Cir. 1993).

      **B.**      **Plaintiffs' Complaint Must be Dismissed for Failure to Join Freeborn & Peters and Carlton Fields as Defendants.**

As stated above, under Rule 19(a), a party must be joined in a lawsuit if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19. *See Consol. Edison. Of N.Y., Inc v. U.S*., 83 Fed. Cl. 455, 458 (2008).

In this case Freeborn & Peters and Carlton Fields are subject to service of process and their joinder will not deprive this Court of subject matter jurisdiction. Freeborn & Peters is incorporated in Illinois, and Carlton Fields provided legal advice in Illinois to Argentum Medical, whose principal place of business is in Illinois. (Doc. #1 at ¶ 6.) Thus, Illinois' long-arm statute, 735 ILCS 5/2-209(a), applied by federal courts sitting in diversity jurisdiction, will act to subject Freeborn & Peters and Carlton Fields to service of process. Additionally, the claims against Freeborn & Peters and Carlton Fields will be professional negligence claims of which the substantive legal issues involve patent law and, thus, will not deprive this Court of subject-matter jurisdiction. *See Immunocept, LLC v. Fulbright & Jaworski*, 504 F.3d 1281, 1285 (Fed. Cir. 2007); *Premier Networks, Inc. v. Stadham & Grear, Ltd*., 395 Ill. App. 3d 629, 637 (1st Dist. 2009).

Moreover, plaintiffs' failure to join Freeborn & Peters and Carlton Fields will subject the defendant attorneys to additional lawsuits given Argentum Medical's identified assets of legal malpractice claims against these two other law firms. By failing to join Freeborn & Peters and Carlton Fields as defendants, plaintiffs place the defendant attorneys at risk of being held liable to the plaintiffs, Freeborn & Peters, Carlton Fields, or all of the above, for the same conduct. *See Fair v. Ambrose & Cushing, P.C.*, 154 Ill.2d 384, 386 (1993) (holding that a defendant attorney may file counterclaims against a joint tortfeasor attorney.)

Freeborn & Peters, as described above, advised Argentum Medical on the various asset transfer documents that were later found to be invalid by Judge Caputo in the underlying litigation, resulting in the dismissal of Argentum Medical's patent infringement claim against Noble. (Doc #1 at ¶ 27-31; Ex. B at 8-10.) Carlton Fields allegedly advised Argentum Medical that it had standing to sue for patent infringement when, in fact, as Judge Caputo concluded in dismissing Argentum Medical's claim of patent infringement, it did not. (Id.) Argentum Medical has now listed legal malpractice claims against these two firms in its bankruptcy schedules as possible assets. (See Ex. G.) There is more than a substantial risk that legal malpractice lawsuits will eventually be brought against Freeborn & Peters and Carlton Fields arising out the same underlying facts as this lawsuit, resulting in the possibility of third-party actions for contribution against the defendant attorneys.

Because Freeborn & Peters and Carlton Fields are indispensable parties to this action, plaintiffs' failure to join them requires that plaintiffs' complaint be dismissed pursuant to Rule 12(b)(7) and Rule 19(b). Subjecting the defendant attorneys to federal actions concerning the same claims creates a danger of different outcomes on similar facts. In the interest of judicial economy, Freeborn & Peters and Carlton Fields must be joined in this lawsuit. *See Reliable Personnel, Inc. v.*

*Custom Cartage, Inc.*, 1994 U.S. Dist. LEXIS 10589, * 16-18 (N.D. Ill. July 29, 1994) (noting the public's interest in the "complete and efficient resolution of controversies by wholes"); *Silberman v. Worden*, 1988 U.S. Dist. LEXIS 10455, * 12 (N.D. Ill. September 13, 1988) (noting that the danger of multiple litigation and possibly inconsistent relief argues for a holding of indispensability).

## II. PLAINTIFFS HAVE FAILED TO ALLEGE ALLEGATIONS UPON WHICH RELIEF CAN BE GRANTED WITH RESPECT TO THE FAILURE TO RAISE AFFIRMATIVE DEFENSES TO NOBLE'S COUNTERCLAIM.

### A. Legal Standard

A complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). In order to prevail a pleader must do more than merely incant labels, conclusions, and the formulaic elements of a cause of action. *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint must describe the claim with sufficient detail so as to give the defendant "fair notice" of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will not accept as true bald assertions, conclusions or inferences, or legal conclusions "couched" or "masquerading" as facts. *Id.* at 555.

In ruling on a 12(b)(6) motion, the court may consider the complaint itself, exhibits attached to the complaint, *see Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008); *EBI Directional Drilling, Inc. v. Fidelity & Deposit Co.*, 2010 WL 5352490 *2-3 (C.D. Ill.), documents that the complaint incorporates by reference, *see Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009); *Phillips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Hecker v.*

*Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009), and matters of public record of which the court may take judicial notice, *see General Electric v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F.Supp. 256, 261 (N.D. Ill. 1993). This latter exception allows courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard. *General Electric*, 129 F.3d at 1081.

> **B. Plaintiffs Fail to Plead Proper Allegations Upon Which Relief Can Be Granted For The Defendant Attorneys' Purported Failure to Raise A Statute of Limitations Defense.**

Plaintiffs allege that the defendant attorneys were negligent in failing to pursue statute of limitations defenses to Noble's "defamation/libel cause of action." (Doc #1 at ¶ 35-39.) Plaintiffs allege that under Pennsylvania law, defamation and libel actions are subject to a one-year statute of limitations period and that, accordingly, when Noble filed its counterclaims on November 2, 2008, they were time-barred because the limitations period accrued in April 2007, when the alleged defamatory and libelous statements were made. (Doc #1 at ¶ 36.)

However, Noble never alleged defamation or libel claims in its counterclaim against Argentum Medical, Miller and Silver. Noble alleged tort claims of unfair competition, violations of the Lanham Act, and product disparagement. (Doc #1 at ¶ 22.) Importantly, plaintiffs admit this in their complaint. (<u>Id.</u>) Unfair competition, claims under the Lanham Act, and product disparagement are all separate tort causes of action subject to their own statute of limitations under Pennsylvania law. The Third Circuit has held that a Section 43(a) Lanham Act claim should not ordinarily be barred by laches if asserted within six years of the accrual of the cause of action. *Santana Prods., Inc. v. Bobrick Washroom Equip.*, 401 F.3d 123, 137 (3d Cir. 2005). Moreover, it is

generally recognized that unfair competition claims are subject to a two-year statute of limitations in Pennsylvania. *Giordano v. Claudio*, 714 F.Supp.2d 508, 521 (E.D. Pa. 2010); *Guardian Life Ins. Co. of Am. v. Guardian Life Assurance Co.*, 943 F.Supp. 509, 517 (E.D. Pa. 1996).

Thus, plaintiffs fail to plead a claim of professional negligence based upon an alleged failure to assert statute of limitations defenses. No libel claims were ever pled by Noble, as alleged by Argentum Medical. The defendant attorneys should not be required to answer a complaint of professional negligence that alleges failure to plead defenses to counterclaims that were never, in fact, made in the underlying matter. Therefore, these allegations contained in plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(6).

**C.     Plaintiffs Fail to Plead a Claim of Professional Negligence Upon Which Relief Can Be Granted Based Upon Advice of Counsel Allegations.**

Plaintiffs allege that the defendant attorneys were negligent in failing to assert an advice of counsel affirmative defense on behalf of Argentum Medical, Miller and Silver, in response to Noble's counterclaim of malicious prosecution. (Doc. #1 at ¶ 4, 41.) Plaintiffs again misread Noble's counterclaim. Similar to their claim of professional negligence for failure to raise statute of limitations defenses, Noble never asserted a counterclaim for malicious prosecution. (See Exh. A.) As previously discussed, Noble asserted six counterclaims: 1) invalidity of the `153 patent; 2) fraud on the patent office; 3) patent misuse; 4) unfair competition; 5) violations of Section 43(a) of the Lanham Act; and 6) product disparagement. (Doc. #1 at ¶ 22.) Malicious prosecution was never pled against Argentum Medical, Miller and Silver. (Id.) Plaintiffs' allegation that the defendant attorneys failed to pursue an advice of counsel defense fails to put the defendant attorneys on fair notice of the claim against them. Therefore, these allegations of plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, for the foregoing reasons, ROCKEY, DEPKE & LYONS, LLC and JOSEPH FUCHS respectfully request that this Honorable Court enter an order dismissing the complaint of ARGENTUM MEDICAL, LLC, GREGG SILVER and THOMAS MILLER'S pursuant to Federal Rule of Civil Procedure 12(b)(7) and 12(b)(6) and for any further relief that may be just and appropriate.

                                            Respectfully submitted,

                                            ROCKEY, DEPKE & LYONS, LLC and JOSEPH FUCHS

                                            /s/ Michael J. Borree_____
                                            Attorney for Defendants

Donald J. Brown, Jr.  (ARDC NO. 312630; brown@dbmslaw.com)
Michael J. Borree (ARDC No. 6281054; borree@dbmslaw.com)
Emily L. Hussey (ARDC No. 6306214; hussey@dbmslaw.com)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:   (312) 422-0900
Facsimile:   (312) 422-0909