# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8594 | **DATE** | 9/28/2012 |
| **CASE TITLE** | Argentum Medical, LLC, et al. Vs. Fuchs, et al | | |

**DOCKET ENTRY TEXT**

**In summary, Rockey, Depke's 12(b)(7) motion is denied without prejudice. Rockey, Depke's 12(b)(6) motion regarding the failure to assert limitations defenses is denied. Rockey, Depke'**s 12(b)(6) motion regarding the failure to assert an advice of counsel defense in converted to a Rule 56 motion for summary judgment. Argentum is directed to file a transcript of the February 10, 2011 proceeding described above in a form sufficiently complete to establish the extent of the presentation of the advice of counsel issue, along with any other evidentiary material relevant to that issue, by October 5, 2012. Following that submission, the court will advise the parties of the any further briefing requirements and deadlines by minute order.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

**Plaintiffs Argentum Medical, Thomas Miller and Gregg Silver [collectively, "Argentum"] claim that they suffered an adverse jury verdict as the result of the professional negligence of defendants Rockey, Depke & Lyons and Joseph Fuchs [collectively, "Rockey, Depke"], their former attorneys. Defendants seek dismissal of plaintiffs' claims. Their motion is denied in part and in part converted to a Rule 56 summary judgment motion.**

1. **Rockey, Depke moved for dismissal for failure to join Argentum's additional counsel as indispensable parties and for failure to state a claim for relief. As a result of Argentum's attempts to resolve its claims against one of its former firms and its motion for leave to add the other to this action, Rockey, Depke has not continued to assert indispensable party grounds for dismissal under Rule 12(b)(7). [Docket #34, page 1.] To the extent that its motion seeks dismissal of Argentum's entire claim under Rule 12(b)(7), that motion is denied without prejudice to Rockey, Depke's right to reassert these grounds following further developments with Argentum's other counsel.**

**Rockey, Depke also argues that certain of Argentum's allegations fail to state a claim for relief. The initial subject of Rockey, Depke's argument is Argentum's allegation that the firm failed to assert the statute of limitations as an affirmative defense in Argentum's suit against Noble Biomaterials. Argentum's complaint describes Noble's claim as a claim for "defamation/libel," [Complaint, Docket #1, par. 36], alleges that Noble's claim was filed in November 2008, and that it was based on events occurring in or before April 2007. It further alleges that Rockey, Depke failed to assert as a defense the defamation/libel limitation period of one year, and that assertion of this defense would have defeated Noble's claims. Rockey, Depke contends that Noble's judgment against plaintiffs was entered on claims that were not defamation or libel: violations of the Lanham Act, and state causes of action for product disparagement and unfair competition. The firm argues that the inaccuracy of the characterization of**

| STATEMENT |
|---|

Noble's claims makes Argentum's complaint insufficient to state a cause of action.

The court finds that, despite Argentum's inaccurate labeling of Noble's claims, its complaint advises Rockey, Depke of the action that it must defend: that the applicable statute of limitations for Noble's claims had expired, and that the assertion of this fact as an affirmative defense would have prevented the verdicts and judgments against Argentum. These allegations inform Rockey, Depke that it will be obliged to contest the applicable statute of limitations and the accrual of Noble's causes of action on each of the claims that resulted in judgments against Argentum. The court also finds that this assertion and plaintiffs' allegation that Noble's cause of action accrued on or before April 2007 state claims for recovery that are more than merely speculative. The court concludes that Argentum's allegations of negligent failure to assert limitations defenses state a sufficient claim for relief. Rockey, Depke's motion to dismiss these claims is therefore denied.

The second subject of Rockey, Depke's Rule 12(b)(6) motion is the claim that the firm was negligent in failing to assert as an affirmative defense the fact that Argentum's actions against Noble were the result of good faith reliance upon advice of counsel. Argentum cites no authority for the proposition that advice of counsel is construed to be a mandatory affirmative defense that is waived if not asserted in an initial response to a claim, and courts in other districts have held that presentation of the advice of counsel issue is not waived if not included in the answer. Brown v. Tuscano, 630 F. Supp. 2d 1342, 1350 (S.D. Fla. 2008); LG Philips LCD Co. v. Tatung Co., 243 F.R.D. 133, 137 (D. Del. 2007).

The court further notes that in a partial transcript of the Argentum-Noble proceeding, the presiding judge appears to begin to instruct the jury on the advice of counsel principle. This instruction suggests that the issue was not waived and was in fact raised on Argentum's behalf. [Transcript of February 10, 2011 proceeding, Docket #29, p. 18] Since that partial transcript is a document outside the original pleadings, Rule 12(d) dictates that Argentum be provided with an opportunity to provide further evidence regarding its significance in accordance with Rule 56 procedure.

In summary, Rockey, Depke's 12(b)(7) motion is denied without prejudice. Rockey, Depke's 12(b)(6) motion regarding the failure to assert limitations defenses is denied. Rockey, Depke's 12(b)(6) motion regarding the failure to assert an advice of counsel defense in converted to a Rule 56 motion for summary judgment. Argentum is directed to file a transcript of the February 10, 2011 proceeding described above in a form sufficiently complete to establish the extent of the presentation of the advice of counsel issue, along with any other evidentiary material relevant to that issue, by October 5, 2012. Following that submission, the court will advise the parties of the any further briefing requirements and deadlines by minute order.